| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Julie Miller, | Case Type: Employment |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Starkey Laboratories, Inc., | |
| Defendant. | Court File No. _____ |

Plaintiff by her attorneys, Fabian May & Anderson, PLLP, brings this action for damages and other equitable relief for Defendant's breach of contract and its violations of state law prohibiting employment discrimination on the basis of marital status. Plaintiff states the following as her claims against Defendant:

## PARTIES

1. Plaintiff Julie Miller ("Plaintiff") is an individual residing in the city of Chanhassen, county of Carver, state of Minnesota.

2. Defendant Starkey Laboratories, Inc. ("Defendant" or "Starkey") is a Minnesota corporation with executive offices in the city of Eden Prairie, county of Hennepin, state of Minnesota.

## FACTUAL ALLEGATIONS

3. Plaintiff worked for Starkey from on or about January 19, 1976 until her involuntary discharge on September 8, 2015. At the end of her employment at Starkey, Plaintiff was serving as the Senior Executive Assistant to Starkey President Jerry Ruzicka ("Ruzicka").

1

4. On or about May 1, 2012, Plaintiff entered into an employment agreement with Starkey (the "Employment Agreement").

5. Section III(1) of the Employment Agreement provides that Plaintiff was to remain employed through August 1, 2017, and could only be terminated for an "important reason."

6. Section IX of the Employment Agreement further provided that Plaintiff was entitled to a long-term services and loyalty bonus equal to "1 week for every year of service at the time of termination or retirement."

7. During Plaintiff's employment, Starkey adopted a "Rule of 70" benefit for employees who lost their job involuntarily due to position elimination or lack of work.

8. To qualify for the Rule of 70 benefit, the employee's age plus years of service at the time of notice of discharge must equal or exceed 70. If the employee qualifies for the benefit, then Starkey pays one week of wages for every full year working at Starkey ("transition period"). It has long been the regular practice of Starkey to round the years of service up, and to pay the "Rule of 70" benefit to its involuntarily terminated employees without requiring a release of claims. It has also long been the regular practice of Starkey to continue the employee's other benefits, such as medical, dental, 401(k), and so forth, during the entire transition period.

9. On September 8, 2015, Defendant terminated a number of senior management employees, including Ruzicka, CFO Scott Nelson, Operations Vice President Keith Guggenberger, and Plaintiff's husband, Larry Miller, Starkey's Senior Vice President of Human Resources. Plaintiff's employment was terminated the same day.

10. In response to Plaintiff's September 11, 2015 letter to Starkey requesting among other things, the truthful reason for her termination, Starkey represented to Plaintiff that her position was eliminated due to the termination of Ruzicka's employment.

2

11. Starkey, however, did not terminate the employment of the executive assistant to CFO Scott Nelson ("Nelson"), even though Nelson's employment was terminated. That executive assistant was not married to any of the senior employees terminated by Starkey on September 8, 2015. In addition, Starkey did not terminate the employment of the executive assistant to Larry Miller, even though his employment was terminated. She was also not married to any of the senior employees terminated by Starkey on September 8, 2015.

12. Defendant has failed to provide Plaintiff the "Rule of 70" benefit, to which she is eligible. In contrast, and upon information and belief, Defendant has provided or offered to provide the Rule of 70 benefit to at least one other recently-terminated individual who was not married to any of the high-ranking employees terminated on September 8, 2015.

13. Defendant has also failed to pay Plaintiff the long-term services and loyalty bonus set forth in the Employment Agreement.

## CAUSES OF ACTION

### Count I
### Marital Status Discrimination In Violation Of The Minnesota Human Rights Act

14. By reference hereto, Plaintiff hereby incorporates the paragraphs above.

15. Minn. Stat. § 363A.08, subd. 2 of the Minnesota Human Rights Act prohibits employers from discharging or otherwise discriminating against a person with respect to the compensation, terms, conditions, and/or privileges of employment because of the person's marital status.

16. Pursuant to Minn. Stat. § 363A.03, subd. 24, marital status discrimination includes discrimination on the basis of the identity, situation, actions, or beliefs of a spouse.

17. Defendant discharged Plaintiff, declined to pay Plaintiff the long-term services and loyalty bonus set forth in the Employment Agreement, and declined to provide Plaintiff the

3

"Rule of 70" benefit, all because of the identity, situation, and/or alleged actions of her spouse. In so doing, Defendant violated Minn. Stat. § 363A.08, subd. 2.

18.  As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has incurred and continues to incur damages, including but not necessarily limited to mental suffering and lost wages and other compensation, in an amount greatly in excess of $50,000.

### Count II
### Breach of Contract

19.  By reference hereto, Plaintiff hereby incorporates the paragraphs above.

20.  Defendant offered to employ Plaintiff upon the terms and conditions set forth in the Employment Agreement in return for Plaintiff's continued services as an employee. Plaintiff accepted that offer.

21.  Defendant breached the Employment Agreement by prematurely terminating Plaintiff's employment without an "important reason," and by failing to pay Plaintiff the long-term services and loyalty bonus set forth in the Employment Agreement.

22.  Plaintiff was eligible for the Rule of 70 benefit based upon her age plus her years of service at the time of notice of her discharge. Defendant has failed to pay Plaintiff one week of wages for every full year she worked at Starkey and has failed to continue Plaintiff's other benefits, such as medical, dental, 401(k), and so forth, during the entire transition period.

23.  Defendant is in breach of its contractual obligation to provide Plaintiff with the Rule of 70 benefit.

24.  As a direct and proximate result of Defendant's conduct in breach of contract, Plaintiff has incurred and continues to incur damages in the form of lost compensation in an amount greatly in excess of $50,000.

### Count III
### Promissory Estoppel

25. By reference hereto, Plaintiff hereby incorporates the paragraphs above.

26. Defendant made a clear and definite promise to employ Plaintiff until August 1, 2017 absent an "important reason," and to pay Plaintiff a long-term services and loyalty bonus equal to "1 week for every year of service at the time of termination or retirement."

27. Defendant made a clear and definite promise to provide Plaintiff with the Rule of 70 benefit and Plaintiff's other benefits, such as medical, dental, and 401(k), during the entire transition period.

28. Plaintiff relied on Defendant's promises by continuing to provide services as an employee and not seeking out other job opportunities.

29. Defendant failed to keep its promises to Plaintiff, in that it prematurely terminated her employment without an "important reason," and failed to provide Plaintiff the promised long-term services and loyalty bonus, the Rule of 70 benefit and Plaintiff's other benefits.

30. As a direct and proximate result of Defendant's failure to abide by its promises, Plaintiff has incurred and continues to incur damages in the form of lost compensation in an amount greatly in excess of $50,000.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Julie Miller prays for judgment as follows:

A. For all relief available for Defendant's violation of the Minnesota Human Rights Act, including but not necessarily limited to damages for back pay, front pay, mental suffering, treble damages, and punitive damages;

B. For all relief available for Defendant's breach of contract and/or failure to abide by its clear and definite promises;

C. For Plaintiff's reasonable attorney's fees and costs; and

D. For such other and further relief that the court deems just and equitable.

5

Dated: 12/22/N

**FABIAN MAY & ANDERSON, PLLP**

_____
John A. Fabian, #13482X
David H. Redden, #391496
1625 Medical Arts Building
825 Nicollet Mall
Minneapolis, MN 55402
Telephone: (612) 353-3343
jfabian@fmalawyers.com
dredden@fmalawyers.com

**ATTORNEYS FOR PLAINTIFF JULIE MILLER**

### ACKNOWLEDGMENT REQUIRED BY MINN. STAT. § 549.211, SUBD. 2

The undersigned hereby acknowledges that, pursuant to Minn. Stat. §549.211, subd. 2, costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the Court.

Dated: 12/22/15

_____
John A. Fabian #13482X

6

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Julie Miller, | Case Type: Employment |
| Plaintiff, | |
| vs. | **SUMMONS** |
| Starkey Laboratories, Inc., | |
| Defendant. | Court File No. _____ |

TO: DEFENDANT STARKEY LABORATORIES, INC.:

You are hereby summoned and required to serve upon Plaintiff's attorney an Answer to the Complaint which is herewith served upon you within twenty (20) days from the service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Alternative dispute resolution procedures may be available as a means for you to resolve this litigation pursuant to Rule 114 of the General Rules of Practice for the District Courts.

Dated: 12/22/15

FABIAN MAY & ANDERSON, PLLP

John A. Fabian, #13482X
David H. Redden, #391496
1625 Medical Arts Building
825 Nicollet Mall
Minneapolis, MN 55402
Telephone: (612) 353-3343
jfabian@fmalawyers.com
dredden@fmalawyers.com

**ATTORNEYS FOR PLAINTIFF JULIE MILLER**

1